Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This case is brought up by a writ of error to the Supreme Court of the Territory of Iowa.
 

 : A motion has been made to dismiss it, upon the ground that the writ of error was allowed, the citation signed, and the bond approved, by the chief justice of the Territorial court, and not by one of the justices of a Circuit Couft of the United States, or a justice of the Supreme Court, as required by the act of 1789, ch. 20, §22.
 

 The act of 1838, ch. 96, § 9, under which this writ of error is brought, provides that writs of error and appeals from the final decision of the Supreme Court of the Territory shall be allowed and taken to this court in the same manner and under the same regulations as from the Circuit Courts of the United States, where the value in controversy shall exceed one thousand dollars. And the •act of 1789, which regulates writs of error from the Circuit Courts, requires the citation to be signed by a judge of the Circuit Court in which the judgment was rendered, or by a justice of the Supreme Court; and that the judge or justice signing the citation shall take good and sufficient security for the prosecution of the writ of error, and the payment of the damages and costs if the plaintiff in error shall fail to make his plea good. And the- act of May 8, 1792, ch. 36, § 9 (1 Stat. .at Large, 278), authorizes the clerks of the Circuit Courts-to issue writs of error in the same manner as the clerk of the Supreme Court might have issued them under the act of 1789.
 

 Under these two lastmientioned acts of Congress, the judgment of a Circuit Court may be brought up for reexamination to the
 
 *212
 
 Supreme Court, by a writ of error, issued by tho clerk of the court hi which .the judgment was rendered, and the citation may.be signed and the bond approved by a judge of the said court. And as the district judge is a member of the Circuit Court when sitting for his district,'he may sign the citation and approve the bond. The act of 1838 having declared that writs of'error may be piosecuted from the judgments of the Supreme Court of the Territory of Iowa to this court, in the dame manner and under the same regulations as from Circuit Courts of the United States, it-would seem tobe very clear that the writ of error may be issued by the clerk of the Territorial court, and the citation signed and the bond approved' by one of the judges. This is the plain import of the words of the law ; and we think they cannot justly receive any other interpretation. There is certainly nothing’in .the object and purpose of the act of Congress calculated to create any doubt upon this subject, orto callfor a different construction. For it can hardly be supposed that Congress intended to deny to suitors in the Territorial courts .the conveniences and facilities which it had provided for suitors in the courts of the United States when sittihg in a State, and-.to require them to apply to the clerk of the Supreme Court for a writ of error, and to a justice of the Supreme Court to sign the creation and approve the bond, when these dutiés could be more conveniently performed by the< clerk and a judge of the court of the Territory, — and inde„ed far better and more safely performed, as regards the approval of the bond, since the judge of the-’Supreme Court would have frequently much difficulty in deciding upon the sufficiency of the sureties in a bond executed in a remote Territory. ’ .The construction contended for would in its results be very nearly equivalent to an absolute denial of the writ of error. We think it cannot be maintained, and that the writ of error in this case was lawfully issued by the clerk of the Supreme Court of the Territory, and the citation and bond properly signed an<f approved by the chief justice of the court.
 

 . Another .objection was taken upon the motion to dismiss. It was insisted, that, Iowa having.been admitted into, the Union as a State since the writ of error was brought, the act of 1838, regulating its judicial .proceedings as a Territory, is necessarily abrogated and repealed ; and consequently there is no law now in force authorizing this court to reexamine and affirm or reverse a judgment rendered by the Supreme Court of the” Territory, or giving this court any jurisdiction over it. This difficulty has, however, been removed by an act of Congress, passed during the present session (and since this motion was made), which authorizes' the Supreme Court to proceed to hear and determine cases of this description.
 
 *
 
 And as this objection no longer exists, and the writ of error, citation, and bond appear to have been regularly issued, signed, and approved, the case is legally and properly in this court, and the motion to dismiss must be overruled.
 

 
 *213
 

 Order.
 

 On consideration of the motion made by
 
 Mr.
 
 Grant, on a prior day of the present term, to dismiss this writ of error, and of the arguments of counsel thereupon, had as well against as in support of the said motion, it is now here ordered by this court, that the said motion be and the same is hereby overruled.
 

 *
 

 This is an error. See Appendix.