## WARD v. STATE OF MARYLAND.

1. A motion to advance cannot, under the act of June 30th, 1870, be made, except in behalf of a State, or by a party claiming under its laws.
2. Under the 30th rule of court a motion to advance is discretionary with the court. An advance under that rule refused; it appearing that the party asking the advance was not in jail.

ON motion to advance this cause, one in error to the Court of Appeals of the State of Maryland.

An act of Congress, passed June 30th, 1870, and quoted also in the preceding case, enacts:.

"That in all suits and actions . . . now pending, or which may hereafter be brought, in any of the courts of the United States, whether original suits in courts of the United States or brought into said courts by appeal or writ of error, . . . wherein a State is a party, or where the execution of the revenue laws of any State may be enjoined or stayed by judicial order or process, it shall be the duty of any court in which such case may be pending, on sufficient reason shown, to give such cause the preference and priority over all other civil causes pending in such court between private parties.

"And *the State, or the party claiming under the laws of the State,* the execution of whose revenue laws is enjoined or suspended, shall have a right to have such cause heard at any time after such cause is docketed in such court in preference to any other civil cause pending in such court between private parties."

And the 30th rule of this court prescribes:

"All cases on the calendar, except cases advanced as hereinafter provided, SHALL be heard when reached in the regular call of the docket, and in the order in which they are entered." ·

"Criminal cases *may* be advanced, by leave of the court, on motion of either party."

With this enactment and this rule in force one Ward had been convicted, in one of the inferior State courts of Maryland, on an indictment for trading without having a license, as required by the laws of that State, and the judgment was

affirmed in the Court of Appeals. It appeared that Ward was not in jail. The case being now here on writ of error this motion was made to advance the hearing of it.

Mr. Justice CLIFFORD delivered the opinion of the court.

Motion to advance the cause filed by the plaintiff in error. Indictment. The parties agreed that the defendant on the day and at the place named in the indictment did sell the articles of merchandise therein named without obtaining a license, as required by the laws of the State. Plea not guilty. Issue tried by court. Finding for the State. He moves the court to advance the cause.

Clearly the motion is not within the act of Congress of the thirtieth of June, 1870, as the motion is not filed by the State, nor by a party claiming under the laws of the State.*

Probably it is made under the thirtieth rule of the court, which provides that criminal cases *may* be advanced by leave of the court on motion of either party. Under that rule the motion is addressed to the discretion of the court, and inasmuch as it appears that the defendant is not in jail, the court fails to see any reason for granting the motion.

MOTION DENIED.