# MILLER v. TEXAS.

ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF
TEXAS.

No. 1166.   Submitted April 23, 1894. — Decided May 14, 1894.

This court expresses no opinion as to the validity or invalidity of the writ
of error in this case.

When the record in a case brought by writ of error from a state court
shows nothing of what took place in the state court of original jurisdic-
tion, and in the appellate state court no objection raising a Federal
question during the trial and before judgment, but such question is
raised for the first time in the appellate court on a motion for a rehear-
ing, the writ of error must be dismissed upon the ground that the Federal
question is not properly presented by the record.

MOTION to dismiss. The plaintiff in error was indicted by
the grand jury of Dallas County, Texas, for the murder of
one Riddle on June 18, 1892. He was convicted July 23,
1892, and sentenced to death. From the judgment of the
District Court of Dallas County, before which he was tried,
he appealed to the Court of Criminal Appeals of Texas, the
court of last resort in criminal cases, where the judgment of
the court below was affirmed. A motion for a rehearing was
then made and overruled. Defendant thereupon sued out
this writ, assigning as error that the statute of the State of
Texas prohibiting the carrying of dangerous weapons on the
person, by authority of which statute the court charged the
jury that, if defendant was on a public street carrying a pistol,
he was violating the law, infringed the right of the defendant
as a citizen of the United States, and was in conflict with the
Second Amendment to the Constitution of the United States,
providing that the right of the people to keep and bear arms
shall not be infringed; *second,* that the same statute, which
provided that any person carrying arms in violation of the
previous section, might be arrested without warrant, under
which the court charged the jury that defendant, if he were
carrying arms in violation of the statute, was subject to arrest

without warrant, was in contravention of the Fourth Amendment of the Constitution, which provides that the right of the people to be secure in their persons against unreasonable searches and seizures shall not be violated; and of the Fifth and Fourteenth Amendments, which provide that no person shall be deprived of life, liberty, or property without due process of law, and that no State shall pass or enforce any law which shall abridge the privileges or immunities of citizens of the United States.

*Mr. C. A. Culberson,* Attorney General of the State of Texas, for the motion.

*Mr. J. Abbott* and *Mr. Robert B. Seay* opposing.

Mr. Justice Brown, after stating the case, delivered the opinion of the court.

Motion is made to dismiss the writ of error in this case upon the ground that it was issued and signed by the clerk of the Court of Criminal Appeals of Texas, and was, therefore, insufficient to give this court jurisdiction, and the case of *Bondurant* v. *Watson,* 103 U. S. 278, is cited as authority for the position. In that case, however, the writ ran in the name of the Chief Justice of the Supreme Court of the State, to the clerk of that court, was tested in the name of the Chief Justice of the Supreme Court of the State, signed by its clerk, and sealed with the seal of that court. "It had not," said the court, "a single requisite of a writ of this court." Revised Statutes, § 999, provides that when a writ of error "is issued by the Supreme Court to a state court, the citation shall be signed by the chief justice, or judge, or chancellor of such court, rendering the judgment or passing the decree complained of, or by a Justice of the Supreme Court of the United States, and the adverse party shall have at least thirty days' notice." And by § 1003, "writs of error from the Supreme Court to a state court in cases authorized by law shall be issued in the same manner, and under the same regulations,

and shall have the same effect as if the judgment or decree complained of had been rendered or passed in a court of the United States."

In this case the writ runs in the name of the President of the United States, to the judges of. the Court of Criminal Appeals, is tested in the name of the Chief Justice of the Supreme Court of the United States, signed by the clerk of the Court of Criminal Appeals, and allowed by its presiding judge. If there was any error, it was in the signature of the writ by the. clerk of the Court of Appeals, instead of by the clerk of this court, or of the Circuit Court of the United States for the proper district, *Ex parte Ralston,* 119 U. S. 613, and such error would be amendable under § 1005, which provides that the Supreme Court may allow an amendment of a writ of error in all particulars of form. *Texas & Pacific Railway* v. *Kirk,* 111 U. S. 486. Of a similar mistake it was said in *McDonogh* v. *Millaudon,* 3 How. 693, 707 : " If errors had been assigned by the plaintiff here and joined by the defendant, no motion to dismiss for such a cause could be heard." But the court express no opinion as to whether the error was, in itself, cause for dismissal. As was said in *Ex parte Ralston,* it has doubtless " been the prevailing custom from the beginning for the clerk of this court, or of the Circuit Court for the proper district, to issue the writ, and for such writ to be lodged with the clerk of the state court," but it has never been held that the signature of the clerk of the state court was fatal to the writ. On the contrary, it was held in *Sheppard* v. *Wilson,* 5 How. 210, that the act of 1838, providing that writs of error and appeals from the final decisions of the Supreme Court of a Territory, should be allowed in the same manner and under the same regulations as from the Circuit Courts of the United States, gave to the clerk of the territorial court the power to issue the writ of error, and to a judge. of that court the power to sign the citation, and approve the bond.

Without, however, expressing a decided opinion upon the invalidity of the writ as it now stands, we think there is no Federal question properly presented by the record in this

case, and that the writ of error must be dismissed upon that ground. The record exhibits nothing of what took place in the court of original jurisdiction, and begins with the assignment of errors in the Court of Criminal Appeals. In this assignment no claim was made of any ruling of the court below adverse to any constitutional right claimed by the defendant, nor does any such appear in the opinion of the court, which deals only with certain alleged errors relating to the impanelling of the jury, the denial of a continuance, the admission of certain testimony, and certain exceptions taken to the charge of the court. In his motion for a rehearing, however, defendant claimed that the law of the State of Texas forbidding the carrying of weapons, and authorizing the arrest without warrant of any person violating such law, under which certain questions arose upon the trial of the case, was in conflict with the Second and Fourth Amendments to the Constitution of the United States, one of which provides that the right of the people to keep and bear arms shall not be infringed, and the other of which protects the people against unreasonable searches and seizures. We have examined the record in vain, however, to find where the defendant was denied the benefit of any of these provisions, and even if he were, it is well settled that the restrictions of these amendments operate only upon the Federal power, and have no reference whatever to proceedings in state courts. *Barron* v. *Baltimore,* 7 Pet. 243; *Fox* v. *Ohio,* 5 How. 410; *Twitchell* v. *Commonwealth,* 7 Wall. 321; *Justices* v. *Murray,* 9 Wall. 274; *United States* v. *Cruikshank,* 92 U. S. 542, 552; *Spies* v. *Illinois,* 123 U. S. 131.

And if the Fourteenth Amendment limited the power of the States as to such rights, as pertaining to citizens of the United States, we think it was fatal to this claim that it was not set up in the trial court. In *Spies* v. *Illinois,* 123 U. S. 131, 181, objection was made that a certain letter was obtained from the defendant by an unlawful seizure, and the constitutional immunity was set up in the Supreme Court of Illinois, as well as in this court, but it was not made on the trial in the court of original jurisdiction. It was held, both

by the Supreme Court of Illinois and by this court, that the defence should have proven that the letter was unlawfully seized by the police, and should then have opposed its admission upon the ground that it was obtained by such unlawful seizure. Said the Chief Justice : "As the Supreme Court of the State was reviewing the decision of the trial court, it must appear that the claim was made in that court, because the Supreme Court was only authorized to review the judgment for errors committed there, and we can do no more. . . . If the right was not set up or claimed in the proper court below, the judgment of the highest court of the State in the action is conclusive, so far as the right of review here is concerned." So in *Texas Pacific Railway* v. *Southern Pacific Co.*, 137 U. S. 48, it was held directly that a privilege or immunity under the Constitution of the United States cannot be set up here under Revised Statutes, § 709, when suggested for the first time in a petition for rehearing after judgment. See also *Caldwell* v. *Texas*, 137 U. S. 692, 698.

There was no other question under the Fourteenth Amendment to the Constitution. As the proceedings were conducted under the ordinary forms of criminal prosecutions there certainly was no denial of due process of law, nor did the law of the State, to which reference was made, abridge the privileges or immunities of *citizens of the United States*, as such privileges and immunities are defined in the *Slaughter-house Cases*, 16 Wall. 36 ; and in *Crandall* v. *Nevada*, 6 Wall. 35 ; and *Ward* v. *Maryland*, 12 Wall. 163.

The writ of error is, therefore,

*Dismissed.*