44 Md. App. 132 (1979)
407 A.2d 763
WILLIAM H. ONDERDONK
v.
HANDGUN PERMIT REVIEW BOARD OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES OF MARYLAND.
No. 165, September Term, 1979.
Court of Special Appeals of Maryland.
Decided November 8, 1979.
The cause was argued before GILBERT, C.J., and MORTON and WILNER, JJ.
William H. Onderdonk in proper person.
Submitted on brief by Stephen H. Sachs, Attorney General, H. Edgar Lentz, Assistant Attorney General, and James J. Doyle, III, Assistant Attorney General, for appellee.
GILBERT, C.J., delivered the opinion of the Court.
William H. Onderdonk is indignant because his request to be issued a permit to carry a handgun has been denied by the *133 Superintendent of the Maryland State Police (Superintendent), the Handgun Permit Review Board of the Department of Public Safety and Correctional Services of the State of Maryland (Board), and by the Baltimore City Court (Greenfeld, J.). Onderdonk has now carried his quest to this Court where he asserts tenfold reasons why he believes we should reverse the Baltimore City Court and remand the matter to it with instructions that it direct the issuance to Onderdonk of the permit he desires.
There is nothing remarkable about the facts of this case. Onderdonk, as he is permitted to do by Md. Ann. Code art. 27, § 36E, sought a permit to carry a handgun for "Target practice and self-defense."[1] After an investigation by a trooper of the Maryland State Police failed to disclose any reasons other than "target practice" and the fact that Onderdonk's previous residence had "been broken into several times in the past,"[2] the application was rejected on the ground that appellant "[d]oes not have a good and substantial reason to wear, carry or transport a handgun." Md. Ann. Code art. 27, § 36E(a)(6). The Board, without conducting a hearing, Md. Ann. Code art. 27, § 36E(g)(ii), "found" that Onderdonk's "request for a hearing was not justified" and then, by a vote of 5 to 0,[3] affirmed "the action of the Superintendent of the Maryland State Police."
Judge Greenfeld properly determined that he was not at liberty to substitute his judgment on the facts for that of the Board so long as the Board's decision "is not arbitrary." He further said that Onderdonk's reading of the Second Amendment[4] to the Constitution of the United States is "much too broad and [it] does not extend to the absolute right of private citizens to carry guns."
Onderdonk posits to us that Md. Ann. Code art. 27, §§ 36B-F are unconstitutional because they conflict with the *134 Second Amendment. Onderdonk advances only his argumentative personal view of the constitutionality vel non of the Maryland Handgun Law. We are not furnished a reference to any authority that supports his position, nor has he cited us any appellate decision in Maryland or elsewhere that has considered the issue pro or con.
Md. Ann. Code art. 27, §§ 36B-F do not prohibit one from owning a handgun. The thrust of the law is directed at "wearing, carrying and transporting" the gun or guns. By its terms, section 36B(c)(3) excludes from its ambit "any person wearing, carrying, or transporting a handgun used in connection with a target shoot, formal or informal target practice, sport shooting event, hunting, trapping, dog obedience training class or any military activity while engaged in, on the way to, or returning from any such activity." It would appear that Onderdonk is already allowed by section 36B(c)(3) to do those things for which he sought the permit. Onderdonk has not demonstrated any reason why the Board was wrong on the facts.
A plethora of cases hold that a statute, such as Maryland's, which reasonably regulates the "right to bear arms" does not violate the Second Amendment's[5] limitation on the federal government. Miller v. Texas, 153 U.S. 535, 538, 14 S.Ct. 874, 875, 38 L.Ed. 812, 813 (1894); Presser v. Illinois, 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615, 619 (1886); United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1876); United States v. Johnson, 497 F.2d 548 (4th Cir.1974); City of Salina v. Blaksley, 72 Kan. 230, 83 P. 619 (1905); Commonwealth v. Davis, 369 Mass. 886, 890, 343 N.E.2d 847, 850 (1976); Burton v. Sills, 53 N.J. 86, 248 A.2d 521 (1968), appeal dismissed, 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969).
We note that the bearing of arms was never treated as an absolute right at common law. "It was regulated by statute as to time and place as far back as the Statute of Northhampton in 1328 and on many occasions since." United *135 States v. Tot, 131 F.2d 261, 266 (3rd Cir.1942), rev'd on other grounds, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).
The State's regulation of "wearing, carrying and transporting" of handguns is but a modern improvement on the Statute of Northhampton. It does not violate the Second Amendment because that amendment is not applicable to the States. The State statute, being a reasonable exercise of police power, is constitutional.
The remaining nine arguments[6] made by Onderdonk question the wisdom of handgun regulations. He uses, if not abuses, the Court as a sounding board for his thoughts on the advisability of handgun control legislation. Irrespective of the validity vel non of Onderdonk's views, we do not sit as a superlegislature to review the sagacity of legislative enactments. Our function is to ensure that a statute provides a real and substantial relation to the public health, morals, safety and welfare of the citizens of the State. Edgewood Nursing Home v. Maxwell, 282 Md. 422, 384 A.2d 748 (1978). See also Burton v. Sills, supra. Inasmuch as the appellant has not raised the contention that the statute fails to bear such a relationship, we do not decide it. Md. Rule 1085.
Judgment affirmed.
Costs to be paid by appellant.
NOTES
[1] Those are the only reasons stated in the "Application for a permit to carry a handgun." MSP Form # 95.
[2] Quoted from the investigation report made by the M.S.P.
[3] The Board consists of five members. Md. Ann. Code art. 27, § 36E(g).
[4] The Second Amendment provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed."
[5] "This is one of the Amendments that has no other effect than to restrict the powers of the National government leaving the people to look for their protection against violation by their fellow citizens...." Presser v. Illinois, 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615, 619 (1886).
[6] The other nine arguments are:

"II. All citizens have the right to keep handguns for home protection and for personal protection.
III. It is impossible to eradicate all handguns since a so-called zip-gun can be made from everyday items and spare parts.
IV. The failure of the Eighteenth Amendment of the United States Constitution prohibiting liquor points up the failure of such a restrictive law.
V. This country was founded by arms and has been maintained with arms ever since.
VI. More people are killed each year by automobiles than by handguns.
VII. It is necessary to have an adequate gun industry in time of peace so as to have available an adequate gun industry in time of war.
VIII. Citizens should have training in the proper use of handguns in time of peace so as to be available in time of war or any other emergency.
IX. The United States has always been behind in weapons, ships, and machines at the outbreak of each major war.
X. Arms are for the protection of Americans [sic] and its citizens are not to be used by politicians to continuously involve the United States in foreign wars."