841 F.2d 1122
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles Anegus ALLEN, Plaintiff-Appellant,
and
Sarah Ann Randolph, Plaintiff,
v.
Mrs. B. BELLAMY; Mr. Melburn, Paterson Park; George
Musgrove, Director of the Dept. of Social Services;
Jacqueline E. Robinson, Division of Protective Services;
Miss Baynor, Social Service Worker; Barbara Brown,
Supervisor of Miss Baynor and Mr. George Musgrove, Director
of Social Services; Kurt Schmoke, States Attorney for
Baltimore City; James Salkins, Assistant States Attorney;
D.T. Hopkins, Officer, C.A.A. Security; Harry Hughes,
Governor; John C. Peach, Captain, Commanding Officer
Evidence Control Section Police Dept. Baltimore City; Det.
Sgt. Benson, Care of Handguns, Permits and Approval for
State Police; Ronald Reagen; D.G. Vankenren; F. Earl
Seboda, State Secretary General of Public Safety; Col. W.
Travers, Superintendent of State Police Pikesville; Steve
Higins, National Director of A.T.F.; William Wildrick, Local
Supervisor of A.T.F.; Mr. Gordon, Special Agent of A.T.F.;
Christopher Donaldthan, Care of Shamrock Trading Company;
GVC, Care of Shamrock Trading Company; D. Scheafer William;
City Council; Richard P. Hutchins, Property Manager, Dept.
of Real Estates; Eskin T. Boden, Assistant City Solicitor,
Department of Law and Real Estate; Charles L. Benton,
Director of Finance and Collection of City Taxes; Sandra
Marion, Case Worker in Paterson Park Social Services; J.
Gergennrother, Regional Manager, Division of Social
Services; Blanch Slaughter, Child Abuse Unit; Linda
Epstein, Legal Services Unit; Ralph Packard, Warden;
Defendants-Appellees.
 No. 86-7217.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 8, 1987.
Decided: Feb. 25, 1988.
 
 Charles Anegus Allen, appellant pro se.
 Nancy Backer Shuger, Department of Human Resources, Robert S. Tyler, Assistant Attorney General, for Appellees Bellamy, Melburn, Musgrove, Robinson, Baynor, Brown, Schmoke, Salkins, Hughes, Benson, Seboda, Travers, Marion, Gergennrother, Slaughter, Epstein and Packard. Robert Charles Verderaime, Verderaime and DuBois, for appellees Hopkins and Peach.
 Charles J. Harrison for appellee Vankenren.
 John Granville Douglass, Office of the United States Attorney, for appellees Reagen, Higins, Wildrick and Gordon.
 Terry Stuart Lavenstein for appellees Donaldthan and GVC.
 Joseph L. Woytowitz, City Solicitor's Office, and Benjamin L. Brown, Leo Wesley Ottey, Jr., Baltimore City Law Department, for appellees William, City Council, Hutchins, Boden and Benton.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Anegus Allen appeals from adverse judgments entered in nine actions filed by him in the District Court for the District of Maryland. We find no merit to Allen's appeal for the reasons stated below as to each action filed.
 
 C/A No. 83-2738
 
 2
 Allen stipulated to dismissal with prejudice of this action alleging an improper denial of food stamps. The stipulation and order of dismissal provided that he could timely file a new action alleging discriminatory treatment in relation to other applicants for food stamps. Having consented to the dismissal and having established no facts nullifying this consent, Allen has waived any assignments of error with respect to this judgment. Thonen v. Jenkins, 455 F.2d 977 (4th Cir.1972).
 
 C/A No. 83-2739
 
 3
 Allen complained in this action that he was investigated for child abuse without notice and identified as a child abuser in violation of his due process rights. Allen was not entitled to notice that a child abuse investigation was to be conducted. Although the investigation resulted in a finding that Allen's stepson was an abused child and in placement of the child's name in the Central Registry of Child Abuse Cases, Allen was not charged with child abuse and his name was not placed in the registry as a child abuser. Accordingly, there was no violation of his due process rights.
 
 C/A No. 83-3081
 
 4
 Allen here challenged the constitutionality of federal and state laws prohibiting him, as a convicted felon, from possessing firearms. The challenged laws are not constitutionally deficient. United States v. Johnson, 497 F.2d 548, 550 (4th Cir.1974); United States v. Fauntleroy, 488 F.2d 79, 81 (4th Cir.1973); Onderdonk v. Handgun Permit Review Board, 44 Md.App. 132, 407 F.2d 763 (1979).
 
 C/A No. 84-440
 
 5
 Allen asserted in this action that he was discriminated against in his efforts to redeem from tax sale a piece of property in which he had a small amount of equity. Allen was informed, however, that he could redeem this property upon payment of the $1001.16 tax lien, and we perceive no basis for concluding that discrimination played any part in Allen's failure to redeem the property.
 
 C/A No. 84-2112
 
 6
 Allen contended that he was improperly denied public assistance and food stamps between October 1983 and February 1984. Allen requested and received an administrative hearing on this claim which resulted in entry of an order directing the recalculation and restoration of Allen's benefits for this period. Allen has failed to show that he was treated in an arbitrary, capricious, or discriminatory fashion.
 
 C/A No. 84-2113
 
 7
 Allen alleged that he was denied due process in proceedings leading up to his loss of custody of his son. Allen's dissatisfaction with state judicial proceedings must be pursued by appeal within the state system, and ultimately by petition to the Supreme Court, not by collateral attack in federal district court. See District of Columbia Court of Appeals of Feldman, 460 U.S. 462, 486 (1983); Ganey v. Barefoot, 749 F.2d 1124, 1127 (4th Cir.1984), cert. denied, 472 U.S. 1019 (1985). Moreover, Allen has established no violation of his constitutional rights by the state employees who initiated the proceedings.
 
 C/A No. 86-519
 
 8
 Allen brought this habeas corpus challenge to his November 1985 conviction and ten-year sentence for child abuse. The district court properly dismissed the action for failure to exhaust state remedies due to the pendency of Allen's direct appeal of his conviction.
 
 C/A No. 83-3632
 
 9
 Allen consented to the dismissal of this action, thereby waiving any errors in the judgment. The appeal from that dismissal is, moreover, untimely.
 
 C/A No. 84-2729
 
 10
 By order entered July 2, 1985, the district court dismissed this habeas action seeking the return of Allen's son to his custody. Allen's appeal of this order is also untimely.
 
 
 11
 In conclusion, we affirm the district court's dismissal of C/A Nos. 83-2738, 83-2739, 83-3081, 84-440, 84-2112, and 84-2113. We deny a certificate of probable cause and dismiss the appeal with respect to C/A No. 86-519, and we dismiss the appeal as to C/A Nos. 83-3632 and 84-2729 as untimely. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.