STATE of Minnesota, Respondent,

v.

Ryan TURNBULL, Appellant.

No. A08–0532.

Court of Appeals of Minnesota.

June 2, 2009.

II. Can Minn.Stat. § 624.713 be applied to appellant when he was adjudicated delinquent without a jury trial?

Lori Swanson, Attorney General, Tibor M. Gallo, Assistant Attorney General, St. Paul, MN; and Robin Finke, Swift County Attorney, Benson, MN, for respondent.

John E. Mack, Mack & Daby, P.A., New London, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; WORKE, Judge; and LARKIN, Judge.

## ANALYSIS

### I.

■ Appellant argues that Minn.Stat. § 624.713, subd. 1(b) (2006), and supporting statutes are unconstitutional, both facially and as applied, under the Second Amendment to the United States Constitution. "The constitutionality of a statute presents a question of law, which we review de novo." *State v. Wright*, 588 N.W.2d 166, 168 (Minn.App.1998), *review denied* (Minn. Feb. 24, 1999). "Minnesota statutes are presumed constitutional, and [a court's] power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *State v. Machholz*, 574 N.W.2d 415, 419 (Minn.1998). "A party challenging a statute has the burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *Id.* (quotation omitted). A facial challenge to the constitutionality of a statute requires a showing that "no set of circumstances exists under which the [statute] would be valid." *Ohio v. Akron Ctr. for Reprod. Health*, 497 U.S. 502, 514, 110 S.Ct. 2972, 2980, 111 L.Ed.2d 405 (1990).

Appellant argues that the recent United States Supreme Court decision in *District of Columbia v. Heller*, —— U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), necessitates a conclusion that Minn.Stat. § 624.713 violates the Second Amendment to the United States Constitution. The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." U.S. Const. amend. II. In *Heller*, the Court determined that "the Second Amendment conferred an individu-

## OPINION

WORKE, Judge.

Appellant challenges his conviction of ineligible person in possession of a firearm, arguing that (1) Minn.Stat. § 624.713 (2006) is unconstitutional under the Second Amendment to the United States Constitution and (2) he cannot be deprived of his right to bear arms without a jury trial. We affirm.

## FACTS

In 2004, appellant Ryan Turnbull was adjudicated delinquent on dangerous-weapons charges, criminal damage to property, and felony drive-by shooting. In 2006, a conservation officer observed appellant carrying a firearm during hunting season. Appellant was charged and convicted of being an ineligible person in possession of a firearm, in violation of Minn. Stat. § 624.713 (2006). This appeal follows.

## ISSUES

I. Is Minn.Stat. § 624.713 (2006), making certain persons ineligible to possess a firearm, in violation of the Second Amendment?

al right to keep and bear arms." 128 S.Ct. at 2799. The holding in *Heller* is very limited, however, and the Court did not address whether (1) the Second Amendment applies to the states; (2) the individual right to keep and bear arms is a fundamental right; or (3) strict scrutiny or intermediate scrutiny is the proper standard of review.

In assessing the validity of appellant's claim, we must first address the reach of the Second Amendment. "It is settled law ... that the Second Amendment applies only to limitations the federal government seeks to impose on this right." *Maloney v. Cuomo,* 554 F.3d 56, 58 (2nd Cir.2009). *See also, Bach v. Pataki,* 408 F.3d 75, 84 (2d Cir.2005) (holding that the Second Amendment imposes a limitation on only federal, not state, legislative efforts.); *State v. Mendoza,* 82 Hawai'i 143, 920 P.2d 357, 360 (1996) (stating that the Second Amendment does not apply to the states through the Fourteenth Amendment to the United States Constitution). *But see Nordyke v. King,* No. 07–15763, 2009 WL 1036086 (9th Cir. Apr.20, 2009) (concluding that the Fourteenth Amendment's Due Process Clause incorporates the Second Amendment and applies it against state and local governments). In *United States v. Cruikshank,* the Court explained that the right "is not a right granted by the Constitution.... [or] in any manner dependent upon that instrument for its existence. The second amendment ... means no more than that it shall not be infringed by Congress." 92 U.S. 542, 553, 23 L.Ed. 588 (1875). And the *Heller* Court noted: "Our later decisions in *Presser v. Illinois,* 116 U.S. 252, 265, 6 S.Ct. 580, 29 L.Ed. 615 ... (1886) and *Miller v. Texas,* 153 U.S. 535, 538, 14 S.Ct. 874, 38 L.Ed. 812 ... (1894), reaffirmed that the Second Amendment applies only to the Federal Government." 128 S.Ct. at 2813 n. 23.

■ While the Supreme Court and numerous federal and state courts have ruled that the Second Amendment does not apply to the states, appellant nevertheless asserts that the Second Amendment is enforceable against the states under the Due Process Clause through the incorporation doctrine because the Supreme Court's decision in *Heller* "hints" that the incorporation doctrine will be applied to the Second Amendment in future cases. Contrary to appellant's assertions, *Cruikshank, Presser,* and *Miller* are the law of the land until the Supreme Court says otherwise. Because the Second Amendment is not incorporated in the Due Process Clause and thereby enforceable against the states, appellant cannot claim that Minn.Stat. § 624.713 infringes upon any Second Amendment rights, and we need not address the question of whether the right to keep and bear arms is a fundamental right or what level of scrutiny should be applied to limitations on that right.

## II.

■ Appellant argues that Minn.Stat. § 624.713 cannot be applied to him because his underlying adjudication occurred when he was a juvenile and he was tried without a jury. Appellant contends that a lifetime firearm-possession ban is a serious collateral consequence that necessitates a trial by a jury. Statutory construction is a legal determination, which we review de novo. *State v. Loge,* 608 N.W.2d 152, 155 (Minn.2000). In interpreting statutes, the legislative intent controls. Minn.Stat. § 645.16 (2008). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded." *Id.*

■ Under Minn.Stat. § 624.713, subd. 1(b), there are categories of persons ineli-

gible to possess firearms, including "a person who has been convicted of, or adjudicated delinquent or convicted as an extended jurisdiction juvenile for committing, in this state or elsewhere, a crime of violence." The statute is not ambiguous, and its plain meaning includes those "convicted," those "adjudicated delinquent," and those "convicted as an extended jurisdiction juvenile." Furthermore, the definition of a "crime of violence" includes the offense of drive-by shooting—one of the charges of which appellant was adjudicated delinquent. *See* Minn.Stat. § 624.712, subd. 5 (2006) (defining "crime of violence" to include, among other things, drive-by shooting). Because appellant was adjudicated delinquent, he falls within the ambit of Minn.Stat. § 624.713.

Appellant argues that under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his adjudication cannot be used as a predicate offense because he was adjudicated delinquent without a jury trial. Appellant also contends that his rights were violated because he was not made aware that he was ineligible to possess a firearm. Appellant's arguments fail for several reasons. First, appellant places great weight on *Heller*, claiming that the right to keep and bear arms is a fundamental right. But *Heller* did not reach the conclusion that the individual right to keep and bear arms is a "fundamental" right. While the Court used the word "fundamental" three times in its opinion, it did not use it in its conclusion or holding. *See Heller*, 128 S.Ct. at 2798 ("By the time of the founding, the right to have arms had become fundamental for English subjects."); ("Blackstone ... cited the arms provision of the Bill of Rights as one of the fundamental rights of Englishmen."); 2804–05 (stating that equating interpretation after ratification with post-enactment legislative history

"betrays a fundamental misunderstanding of a court's interpretive task").

■ Second, *Blakely* is not applicable. *Blakely* is implicated in the sentencing process, and provides that only a jury may determine aggravating factors before a court may upwardly depart from a presumptive sentence. 542 U.S. at 303–04, 124 S.Ct. at 2537. Here, we do not have a *Blakely* sentencing issue because appellant received the sentence prescribed by statute. Ineligibility to possess a firearm is a collateral consequence of a conviction, not part of the sentence let alone an upward departure. *See State v. Byron*, 683 N.W.2d 317, 322 (Minn.App.2004). We also note that *Blakely* was final two months before appellant's juvenile court trial, and appellant did not raise the issue in his direct appeal.

Third, even though the juvenile justice system has shifted away from the rehabilitative model of juvenile justice to a more punitive system, the Minnesota Supreme Court has held that a juvenile still is not entitled to a trial by jury before a juvenile adjudication can be used in calculating his sentence. *State v. McFee*, 721 N.W.2d 607, 613–14, 619 (Minn.2006). In *McFee*, the court held that juvenile adjudications may be used to enhance criminal history scores without a jury determining the fact of the prior adjudication. *Id.* at 619. *McFee* also discussed the numerous areas in which the legislature has expressly provided that juvenile adjudications may be used, either as a predicate offense or as an enhancement in a variety of criminal settings, including as a predicate offense for ineligibility to possess a firearm. *Id.* at 614. Further, the Supreme Court has stated that the emphasis in a juvenile proceeding is on fair fact-finding procedures similar to adult proceedings, such as rights to "notice, counsel, confrontation, cross-examination, and standard of proof."

*McKeiver*, 403 U.S. at 543, 91 S.Ct. at 1985. With this emphasis in mind, the Court determined "that in our legal system the jury is [not] a necessary component of accurate fact finding." *Id.* We conclude that appellant had notice, was represented by counsel, and the state was required to prove guilt beyond a reasonable doubt. Thus, appellant received every constitutional protection that he was entitled to.

Finally, in *State v. Grillo*, the appellant argued that his due-process rights had been violated because he had not received notice that he was an ineligible person. 661 N.W.2d 641, 645 (Minn.App.2003), *review denied* (Minn. Aug. 5, 2003). This court denied his claim because even though notice was impossible in Grillo's case, that does not affect the applicability of the statute. *Id.* Here, unlike in *Grillo*, appellant had notice and signed a statement to that effect. Because *Blakely* is inapplicable and because the legislature expressly provided that persons adjudicated delinquent are ineligible to possess firearms and appellant had notice that he was ineligible, the district court did not err in determining that appellant's adjudication made him ineligible to possess a firearm.

### DECISION

The Second Amendment to the United States Constitution does not apply to the states. Accordingly Minn.Stat. § 624.713 does not infringe upon any rights protected by the Second Amendment. Likewise, we reject appellant's argument that Minnesota's ineligible-person-in-possession-of-a-firearm statute is unconstitutional under the Second Amendment to the United States Constitution.

A juvenile does not have a Sixth Amendment right to a jury trial. Because the legislature has provided that a person adjudicated delinquent may not possess a firearm, we conclude that Minn.Stat. § 624.713 applies to appellant. Appellant was afforded every constitutional protection he was entitled to, and appellant's conviction must stand.

**Affirmed.**