Timothy AFCAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–703.

Court of Appeals of Alaska.

Jan. 10, 1986.

William F. Morse, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Timothy Afcan appeals following conviction of one count of misconduct involving weapons in the first degree (possession of a concealable firearm by a convicted felon), in violation of AS 11.61.200(a)(1), one count of misconduct involving weapons in the second degree (possession of a firearm while intoxicated), in violation of AS 11.61.-210(a)(1), and one count of assault in the fourth degree, in violation of AS 11.41.230. At trial, Afcan contested only the charge of first degree misconduct involving weapons. He attempted to present a defense based on the contention that he was unaware of the statutory provision that prohibits convicted felons from carrying concealable firearms for a period of five years after unconditional discharge from a conviction.[1] As a matter of law, however, the trial court precluded Afcan from presenting this proposed defense to the jury. Afcan now appeals his conviction for first degree misconduct involving weapons. He also contends that the cumulative sentence he received for all three of his convictions is excessive. We affirm.

---

1. Alaska Statute 11.61.200(b)(3) provides:
   (b) It is an affirmative defense to a prosecution under (a)(1) or (2) of this section that

   . . . . .

   (3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.

Afcan argues that the trial court erred in refusing to give his proposed instruction on *mens rea*, which stated that, in order to convict Afcan of the offense, the jury was required to find that he either knew or recklessly disregarded the fact that it was unlawful for a convicted felon to carry a concealed firearm for a period of five years after being discharged from probation. Afcan contends that, without this proposed instruction, the offense would in effect be a strict liability crime and that, as such, it would be prohibited under *Hentzner v. State*, 613 P.2d 821 (Alaska 1980), and *Speidel v. State*, 460 P.2d 77 (Alaska 1969). We find no merit to Afcan's claim.

■■■ Afcan correctly observes that AS 11.81.610(b)(2) makes recklessness the applicable, culpable mental state with respect to the circumstances of his offense. Knowledge that the law prohibits certain conduct is not, however, a surrounding circumstance. To the contrary, knowledge of the law is presumed, and, in all but exceptional cases, ignorance of the law is not a defense.[2] As an aspect of the *mens rea* requirement in this case, it was necessary for the state to establish that Afcan was aware of or recklessly disregarded the fact that he had been convicted of a felony. It is undisputed that Afcan knew that he possessed a concealable firearm and was aware of the fact that he had previously

been convicted of a felony. He was similarly aware of having been discharged from probation for the prior felony within five years of the current offense. Proof of these facts fully satisfied the state's burden of establishing Afcan's culpable mental state. Nothing more was required to satisfy the demands of due process. *See United States v. Thomas*, 531 F.2d 419 (9th Cir.) *cert. denied*, 425 U.S. 996, 96 S.Ct. 2210, 48 L.Ed.2d 821 (1976). We hold that this state was not required to go beyond such proof by attempting to establish Afcan's awareness of the law.

Afcan has separately challenged the sentence he received for his three convictions. Superior Court Judge Christopher R. Cooke sentenced Afcan to maximum consecutive terms totaling seven years' imprisonment. Having independently reviewed the totality of the sentencing record, we conclude that the sentences imposed by Judge Cooke are not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.

---

**2.** Alaska Statute 11.81.620(a) provides, in relevant part:

*Effect of ignorance or mistake upon liability.* (a) Knowledge, recklessness, or criminal negligence as to whether conduct constitutes an of-

fense, or knowledge, recklessness, or criminal negligence as to the existence, meaning, or application of the provision of law defining an offense, is not an element of an offense unless the provision of law clearly so provides.