**Ross McCRACKEN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1818.**

Court of Appeals of Alaska.

Oct. 2, 1987.

---

Marcia E. Holland, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Ross McCracken was convicted, following a jury trial, of misconduct involving weapons in the first degree. AS 11.61.200(a)(1). McCracken appeals to this court raising several issues. We affirm.

McCracken was convicted under AS 11.61.200(a)(1) which provides:

*Misconduct involving weapons in the first degree.* (a) A person commits the crime of misconduct involving weapons in the first degree if the person

(1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory....

Alaska Statute 11.61.200(b) provides for certain defenses:

It is an affirmative defense to a prosecution under (a)(1) ... of this section that

(1) the person convicted of the prior offense on which the action is based received a pardon for that conviction;

(2) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or

(3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.

■ McCracken first argues that AS 11.61.200(b) violates the equal protection clause of the Alaska Constitution. He claims that requiring the passage of five years from an unconditional discharge on a prior felony offense, before a person can possess a firearm, renders the statute over-inclusive and irrational. But clearly the state has a substantial interest in controlling access to concealable firearms by persons previously convicted of a felony. The legislature has considerable discretion in creating classifications denoting which former felons can possess a firearm. The classifications, however, do not have to be perfect. *Harrison v. State*, 687 P.2d 332, 341–42 (Alaska App.1984).

Certainly, the legislature could conclude that a person who had been convicted of a felony, but received a pardon, was a more favorable candidate for possessing a firearm than a person who had been unconditionally discharged from the prior felony offense. AS 11.61.200(b). The legislature could reasonably conclude that a person who was pardoned had been pardoned based on extenuating circumstances. Similarly, the legislature could rationally find that a person whose conviction had been set aside under the suspended imposition of sentence statute, or as a result of post-conviction proceedings, was a more favorable candidate for possessing a firearm than a person who had received an unconditional discharge. AS 11.61.200(b). The provisions of AS 12.55.085, which provide for a suspended imposition of sentence, are generally applied only to those defendants who are seen as having the highest prospects for rehabilitation. If the former felon's conviction is set aside as a result of post-conviction proceedings, it is reasonable to infer that there was a substantial flaw in the original conviction. Certainly there will be individual cases where it can be argued that the affirmative defenses set forth in AS 11.61.200(b) are not perfect for accomplishing the statute's apparent goal of protecting the public from former felons possessing concealable firearms. It appears to us, however, that the statute is a reasonable and rational attempt to achieve the statutory goal. Nothing more is required.

■ McCracken next argues that the trial court erred in instructing the jury on the *mens rea* necessary to commit the offense of misconduct involving weapons in the first degree. In *Afcan v. State*, 711 P.2d 1198, 1199 (Alaska App.1986), this court stated that in order to show a violation of AS 11.61.200(a)(1), the prosecution needed to prove the following: 1) the defendant was aware of or recklessly disregarded the fact that he had been convicted of a felony; 2) the defendant knew that he possessed a concealable firearm; and 3) the defendant had not been unconditionally discharged from the prior felony more than five years from the current offense. McCracken, however, claims that in addition to proving the matters which we set forth in *Afcan*, the prosecution should be required to show either that he had notice that his conduct in possessing a firearm constituted a crime, or he knew that his conduct in possessing a firearm constituted a crime.

McCracken argues that without these additional elements his conviction violates due process. He thus asks us to overrule *Afcan*. The *Afcan* decision, however, is clearly in the mainstream of the law, which does not require the prosecution to prove that the defendant knew that his conduct constituted a crime. We decline to overrule *Afcan*.

■ McCracken finally argues that the trial court erred in not instructing on the defense of necessity. The defense of necessity is set forth in AS 11.81.320 which provides:

*Justification: Necessity.* (a) Conduct which would otherwise be an offense is justified by reason of necessity to the extent permitted by the common law when

(1) neither this title nor any other statute defining the offense provides exemptions or defenses dealing with the justification of necessity in the specific situation involved; and

(2) a legislative intent to exclude the justification of necessity does not otherwise plainly appear.

(b) The justification specified in (a) of this section is an affirmative defense. The elements of the defense of necessity are:

1) The act charged must have been done to prevent a significant evil; 2) there must have been no adequate alternative; 3) the harm caused must not have been disproportionate to the harm avoided.

It is available if the accused reasonably believed at the time of acting that the first and second elements were present, even if that belief was mistaken; but the accused's belief will not suffice for the third element. An objective determination must be made as to whether the defendant's value judgment was correct, given the facts as he reasonably perceived them.

*Cleveland v. Anchorage,* 631 P.2d 1073, 1078 (Alaska 1981) (footnote omitted).

McCracken's defense of necessity was based on his testimony that he had received threats from relatives of a victim of his former felony offense. He claimed he was threatened by the brother-in-law of the victim. The general thrust of the threat was that McCracken needed to leave the state of Montana in order to avoid serious bodily injury. In response to this threat, McCracken left the state of Montana and purchased a firearm.

We agree with Judge Greene that McCracken's claims were not sufficient to require her to instruct the jury on the defense of necessity. The evidence which McCracken presented was so weak that the instruction would have been frivolous. We believe very strongly that trial courts should instruct juries even on weak defenses, for the strength of the defendant's defense is ultimately a jury decision. But McCracken did not establish a credible, imminent threat to his safety. He did not establish that he had taken reasonable steps, other than leaving Montana, for insuring his safety. He simply did not make any reasonable showing that it was necessary for him to possess a concealable firearm, in violation of the law, in order to defend himself. We find no error.

AFFIRMED.