**Troy BAKER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2959.**

Court of Appeals of Alaska.

Nov. 9, 1989.

**1.** Baker did not testify. Baker made the following offer of proof in support of an instruction:

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Troy D. Baker was convicted by a jury of misconduct involving weapons in the first degree in violation of AS 11.61.200(a)(1) for knowingly possessing "a firearm capable of being concealed on one's person after having been convicted of a felony." Baker appeals. We affirm.

William Crabtree and Troy Baker were partners in a woodcutting business in Fairbanks. After Baker unsuccessfully tried to collect $180 that Crabtree apparently owed him, Baker took Crabtree's handgun.[1] Crabtree called the police.

that he had worked with Crabtree on the date in question, that Crabtree owed him money, that Crabtree gave Baker the pistol as he dropped Baker off in downtown Fairbanks, that Baker did not want the pistol, but needed money so he pawned the pistol, and that the gun was in his possession for a total of less than one-half hour.

When an officer arrived, Baker told the officer that he had taken the gun out of Crabtree's truck and pawned it for $135. Baker gave the officer the pawn receipt, and the officer gave the receipt to Crabtree. When the police discovered that Baker was a convicted felon, they took the pawn receipt from Crabtree as evidence. The next day, the police seized the gun from the pawn shop.

Baker requested the following jury instruction:

To possess means to exercise dominion and control.

To possess means to have actual control, care, and management of, and not a passing control, fleeting and shadowy in its nature. Passing control for the purpose of disposal does not constitute possession.

Instead, the trial court instructed the jury as follows:

'Possess' means having physical possession or the exercise of dominion or control over property.

The law recognizes two kinds of possession: actual possession and constructive possession. Actual possession means to have direct physical control, care and management of a thing.

A person not in actual possession may have constructive possession of a thing. Constructive possession means to have the power to exercise dominion or control over a thing. This may be done either directly or through another person or persons. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole.

You may find that the element of possession as that term is used in these instructions is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Baker argues that a brief innocent possession of a weapon for the purpose of disposal does not constitute possession as defined in AS 11.61.200(a)(1) and AS 11.81.-900(b)(42). Baker reasons that the purpose of the felon-in-possession statute is to prevent the concealment and use of firearms in violent crimes. *Shaw v. State*, 673 P.2d 781, 785 (Alaska App.1983), *modified* 677 P.2d 259 (Alaska App.1984). In Baker's view, possession of a firearm for less than one-half hour for the purpose of pawning it is not the type of possession which the legislature intended to be covered by the felon-in-possession statute. *See Adams v. State*, 706 P.2d 1183 (Alaska App.1985) (possession of controlled substance).

Baker's claim does not rest on necessity or self-defense. We are satisfied that the legislature did not intend to permit felons to possess prohibited weapons as collateral for debt, nor did it intend to immunize knowing possession of a weapon for the time necessary to pawn it. It is also clear that Baker's proposed instruction would have been misleading in light of the facts of this case. Baker did not have momentary or inadvertent possession of the handgun. According to his offer of proof, he knowingly took it from Crabtree, pawned it, and retained the pawn ticket until he turned it over to the police. Under these circumstances, a reasonable jury could not find momentary or inadvertent possession of the handgun.[2]

The judgment of the superior court is AFFIRMED.

2. In *Adams*, the substance came into Adams' possession inadvertently. 706 P.2d at 1184, 1187. Here, Baker knowingly took the gun.