[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2003
THOMAS K. KAHN
CLERK

No. 02-14835

D. C. Docket No. 00-06147-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERALD KEVIN DICKS,
a.k.a. Lascelles Alexander Hall,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 23, 2003)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Everald Kevin Dicks appeals his conviction and 63-month sentence for illegally re-entering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a), (b)(2). At trial, Appellant sought to argue the defense of necessity, also known as justification. Appellant, who suffers from the AIDS virus, claimed he was receiving ineffective treatment for AIDS in Jamaica and, because he was "near dead at the time," he illegally re-entered the United States in order to receive effective, experimental AIDS treatment at the Harlem Medical Center in New York. The district court pointed out that Appellant did not make an application for re-entry under his true name with the Attorney General. Since Appellant did not "try to find a legal alternative to his predicament," the district court denied Appellant's request to argue the defense of necessity.

The defense of necessity or justification is an affirmative defense to some criminal statutes, and, if available, the defendant bears the burden of proving it by a preponderance of the evidence. *United States v. Deleveaux*, 205 F.3d 1292, 1296 (11th Cir. 2000). We review *de novo* a district court's determination whether a defendant has set forth a sufficient proffer to permit the defense of necessity. *See United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000); *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994).

The district court relied on a factually similar Ninth Circuit case in which the defendant, who was suffering from AIDS, asserted the defense of necessity to charges of illegal re-entry under 8 U.S.C. § 1326. *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). The Ninth Circuit upheld the district court's conclusion that the defendant's proffer was insufficient to establish all the elements of the defense. *Id.* at 1126. The defendant in *Arellano-Rivera* "failed to avail himself of a viable legal alternative," because he "could have petitioned the Attorney General for temporary admission into the United States on the basis of his dire medical condition." *Id.* The Ninth Circuit noted that the defendant's speculation, however likely, that the Attorney General would not allow him to reenter the United States in no way negates the application process as a viable legal alternative. *Id.*

Similarly, in the present case, the district court concluded that Appellant could have, but did not, petition the Attorney General for temporary admission into the United States. Indeed the statute under which Appellant was convicted states that an alien previously removed may not reenter the United States unless, among other things, "the Attorney General has expressly consented to such alien's reapplying for admission." 8 U.S.C. § 1326(a)(2)(A). Since Appellant did not

3

avail himself of this viable legal alternative, the district court concluded Appellant was not entitled to argue the defense of necessity.

Appellant argues this ruling was a misapplication of Eleventh Circuit precedent regarding the necessity or justification defense. Although the Eleventh Circuit has not addressed necessity or justification in the context of illegal re-entry, we have addressed this defense in the context of a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). *See Deleveaux*, 205 F.3d at 1296-1301. In *Deleveaux*, the Eleventh Circuit held that justification is an available defense to 18 U.S.C. § 922(g)(1), but only in "extraordinary circumstances." *Id.* at 1297. In the context of § 922(g)(1), a defendant must show, among other things, "that the defendant had no reasonable legal alternative to violating the law." *Id.*[1] Appellant argues that, given his life-threatening condition, petitioning the Attorney General was not a "*reasonable* legal alternative," and that the determination of whether his legal alternatives were reasonable was a factual question for the jury to decide. Given the factual circumstances of this case, we disagree.

---

[1] The *Delevaux* court found a defendant must show these four elements to establish the necessity defense in the § 922(g)(1) context: "(1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm." 205 F.3d at 1297.

Assuming without deciding that necessity or justification is an available defense to illegal re-entry under 8 U.S.C. § 1326, we agree with the district court that the facts, as proffered by Appellant, do not establish a justification defense. In general, petitioning the Attorney General for re-entry is a viable and reasonable legal alternative to illegal re-entry. Appellant bears the burden of proving the defense of necessity, and he did not proffer sufficient evidence to suggest that the application process was not a viable or reasonable legal alternative.[2]

Additionally, under the invited error doctrine, Appellant cannot claim that he suffered prejudice as a result of the jury knowing that he had AIDS, because it was Appellant's trial attorney who let the jury know that Appellant suffered from AIDS. A defendant who invites error may not cite that error as a basis for reversal on appeal. *Leverett v. Spears*, 877 F.2d 921, 924 (11th Cir. 1989).

AFFIRMED.

---

[2] We do not imply that if Appellant had petitioned the Attorney General and been denied re-entry, he would have a cognizable defense to unlawful entry. Since Appellant did not avail himself of his reasonable legal alternatives, we have no occasion to decide whether the defense of necessity or justification is generally available to illegal re-entry or whether Appellant has met the other elements of the defense.