[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-16111
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00024-CR-FTM-99DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDIO ENRIQUE NUNEZ ROJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 29, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Claudio Enrique Nunez Rojas ("Nunez") appeals his conviction for illegal re-entry after previously having been convicted of an aggravated felony under 8 U.S.C. §§ 1326(a) and 1326(b)(2). Nunez did not avail himself of the opportunity to petition the Attorney General or Secretary for Homeland Security for re-admission into the United States. Because he did not avail himself of this reasonable legal alternative to the criminal conduct of illegally re-entering, Nunez could not establish a necessity defense, and the district judge did not err in precluding him from presenting it. We AFFIRM.

## I. FACTS

Nunez was indicted on one count of illegally re-entering the United States after previously having been convicted of an aggravated felony. According to the presentence investigation report ("PSI"), Nunez was a citizen and national of Colombia, became a resident alien in 1974, was convicted in 1992 of sexual activity with a child, was deported in 2003, and re-entered the United States on 1 May 2005, without having obtained the permission of the Attorney General or his successor, the Secretary for Homeland Security.

At trial, Nunez informed the district judge that he intended to present a necessity defense, and the judge noted that a proffer would be required before he would allow evidence to be presented on that issue. Nunez proffered that, prior to

2

his deportation, he operated a successful painting business that provided for himself, his wife (a stay-at-home mother), and their daughter, who was an honor-roll student. When deported, Nunez first stayed with his brother, but, because of his age and poor economic conditions, he was unable to find work. His wife and daughter, both United States citizens, attempted to move with him to Colombia. Because they spoke no Spanish, they were subject to the general dangers of life in Colombia and, consequently, returned to the United States.

Nunez's wife was unable to find work in the United States because of her lack of education or job skills and inability to cope with the upheaval in their lives. The Nunezes were unable to make mortgage payments, and their home was foreclosed. In Colombia, Nunez was no longer permitted to live with his brother, and stayed in hotels until his money ran out, at which point he became homeless. His wife and daughter moved into a rental property but were about to be evicted because they were unable to make rent payments. As a result of these events, Nunez's daughter began abusing alcohol and marijuana, was expelled from school, and was hospitalized twice for alcohol poisoning. Nunez's immigration attorney advised him that he was not eligible to return to the United States and that he would be unable to obtain a waiver to re-enter. Additionally, even if successful,

3

the process would have taken four to five months, too long in view of his family's impending eviction.

The district judge assumed that the facts proffered were true and could be proven but found that the necessity defense was not available to Nunez. R3 at 58-61. The judge stated that "a person is not allowed to make that determination [that the Attorney General or Secretary of Homeland Security would not have granted consent to re-enter] and thereby simply forego the available remedies, and that the defendant had reasonable legal alternatives available, and that he had to use those, and that he did not use those in this case." Id. at 59-60. The judge alternatively held that, assuming Nunez was correct that he had no reasonably available legal alternatives, necessity could never be a defense to illegal re-entry. Id. at 60.

The jury found Nunez guilty, and the district judge sentenced him to 36 months of imprisonment. R1-61 at 1-2. This appeal followed.

## II. DISCUSSION

Nunez argues that he made a proffer sufficient to present a necessity defense to the jury because (1) he faced the imminent harm of the destruction of his family; (2) the jury could have concluded that the destruction of his family was a greater evil than his illegal re-entry; (3) there was a clear causal relationship between his re-entry and the harm that he sought to prevent; and (4) petitioning the Attorney

4

General for re-entry was not a viable legal alternative. Nunez asserts that petitioning was not viable because his immigration attorney advised him that he was ineligible for re-admission and that, even if re-admission were granted, it would have taken four or five months, during which time his family's condition would have further deteriorated.

"We review de novo a district court's determination whether a defendant has set forth a sufficient proffer to permit the defense of necessity." United States v. Dicks, 338 F.3d 1256, 1257 (11th Cir. 2003) (per curiam). The defense of necessity or justification is an affirmative defense to some criminal statutes, and, if available, the defendant bears the burden of proving the defense by a preponderance of the evidence. Id. Although we have not determined whether a defense of necessity can be presented against a charge of illegal re-entry, we have determined that, to the extent such a defense may be possible, it would require the defendant to show, among other things, that he "'had no reasonable legal alternative to violating the law.'" Id. at 1258 (quoting United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000)). "In general, petitioning the Attorney General for re-entry is a viable and reasonable legal alternative to illegal re-entry." Id.

5

Even if necessity or justification is an available defense to illegal re-entry under 8 U.S.C. § 1326, Nunez did not establish a necessity defense. He bore the burden of proving the defense, and Nunez did not proffer sufficient evidence to suggest that the application process was not a viable or reasonable legal alternative. The opinion of Nunez's immigration attorney—that a petition would have been futile—does not change this requirement. The attorney's opinion, "however likely," was still speculation. See id. at 1257 (discussing United States v. Arellano-Rivera, 244 F.3d 1119, 1125 (9th Cir. 2001)). The possible delay between the initiation of the application process and its conclusion is, likewise, insufficient to render a petition unviable or unreasonable. Id. at 1257 (holding that a petition to the Attorney General was a viable legal alternative where the defendant proffered that he suffered from AIDS, was "near dead at the time," and illegally re-entered the United States in order to seek treatment). Accordingly, the district judge did not err in preventing Nunez from presenting a necessity defense.

## III. CONCLUSION

Because Nunez failed to petition first the Attorney General or Secretary for Homeland Security for readmission to the United States, he could not establish a "necessity defense," even if he could establish its appropriateness. Accordingly, his conviction for illegal re-entry is **AFFIRMED.**

6