[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 09-10456
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00307-CR-F-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST D. BATTLE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama

————————————————

(September 28, 2009)

Before CARNES, BARKETT  and WILSON, Circuit Judges.

PER CURIAM:

Earnest D. Battle appeals his conviction and 180-month sentence for being a

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Battle argues that the district court abused its discretion by refusing to allow him to present a justification defense. Battle concedes that his contention is foreclosed by Eleventh Circuit precedent, but asserts that this precedent should be overruled.

We review de novo a district court's determination of whether a defendant's proffer is sufficient to establish all of the elements of a justification defense. United States v. Dicks, 338 F.3d 1256, 1257 (11th Cir. 2003). When a defendant is charged with violating § 922(g)(1), a justification defense may be available "in only extraordinary circumstances." United States v. Deleveaux, 205 F.3d 1292, 1297, (11th Cir. 2000). Justification is an affirmative defense to § 922(g)(1) that requires that the defendant show the following four elements:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

Id. "The first prong requires nothing less than an immediate emergency." United States v. Rice, 214 F.3d 1295, 1297 (11th Cir. 2000).

Battle's proffer in support of a justification defense failed to show that he was under a "present, imminent, and impending threat of death or serious bodily

2

injury." Battle's alleged threat of serious injury was based on a single incident that occurred several years before he was arrested in possession of two firearms. Thus, the district court did not abuse its discretion by excluding Battle's evidence which failed to show an immediate emergency.

Battle next argues that, under District of Columbia v. Heller, 554 U.S. __, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), his constitutional right to bear arms was unconstitutionally abrogated by 18 U.S.C § 922(g)(1). He contends that the Second Amendment does not allow an absolute and permanent prohibition of the right to bear arms, as is found in § 922(g)(1).

"When a motion to dismiss challenges the constitutionality of a statute, we review de novo the interpretation of the statute by the district court." United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009). The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Pursuant to § 922(g)(1), it is unlawful for a convicted felon to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1).

In Heller, the Supreme Court addressed the constitutionality of a District of Columbia statute that generally prohibited the possession of handguns. 554 U.S. at __,128 S.Ct. at 2788. The Supreme Court held that "the Second Amendment

3

guarantees an individual right to possess weapons unconnected with militia service." United States v. Tagg, No. 08-16860, manuscript op. at 11 (11th Cir. June 30, 2009) (citing Heller, 554 U.S. at __, 128 S.Ct. at 2787-812). However, "the right secured by the Second Amendment is not unlimited." Heller, 554 U.S. at __, 128 S.Ct. at 2816. In fact, the Supreme Court noted that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." 554 U.S. at __, 128 S.Ct. at 2816-17.

Because the Supreme Court in Heller stated that "the right secured by the Second Amendment is not unlimited" and "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill," Battle's argument that the permanent prohibition of the right to bear arms, as found in 18 U.S.C. § 922(g)(1), violates the Second Amendment is without merit.

Battle next argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it is an unlawful exercise of Congress's authority to regulate commerce under Article I, Section 8, Clause 3 of the U.S. Constitution. We have previously "held that § 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause." United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir.

4

1997); see also United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996) (holding that § 922(g)(1) was not unconstitutional as applied to a defendant who only possessed a firearm intrastate because "§ 922(g) is an attempt to regulate guns that have a connection to interstate commerce"). Thus, the district court did not err by finding that § 922(g)(1) does not violated the Commerce Clause.

Battle next argues that his mandatory minimum sentence of 180 months' imprisonment pursuant to 18 U.S.C. § 924(e) constituted cruel and unusual punishment in violation of the Eighth Amendment. We review de novo constitutional challenges to a defendant's sentence. United States v. Lyons, 403 F.3d 1248, 1250 (11th Cir. 2005). The Armed Career Criminal Act ("ACCA") provides that any person convicted of an offense under 18 U.S.C. § 922(g) who has 3 previous convictions for a violent felony or a serious drug offense, is subject to a 15-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1).

We have consistently held that mandatory minimum sentences for armed career criminals under § 924(e) do not constitute cruel and unusual punishment in violation of the Eighth Amendment. See United States v. Johnson, 528 F.3d 1318, 1322 (11th Cir. 2008) (holding that "[the defendant's] contention that his sentence of 185 months for being an armed career criminal in possession of ammunition violates the Cruel and Unusual Punishment Clause of the Eighth

5

Amendment is foreclosed by [Lyons]"), cert. granted, 129 S.Ct. 1315 (2009); Lyons, 403 F.3d at 1257 (holding that a 235-month sentence for an armed career criminal convicted for being a felon in possession of ammunition was not cruel and unusual punishment; United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (holding that the defendant's 180-month mandatory minimum sentence under the ACCA was not cruel and unusual punishment in violation of the Eighth Amendment).

Battle's contention that his mandatory minimum sentence of 180 months' imprisonment pursuant to 18 U.S.C. § 924(e) constitutes cruel and unusual punishment in violation of the Eighth Amendment is foreclosed by our precedent. Accordingly, upon review of the record and consideration of the parties' briefs, we affirm Battle's conviction and 180-month sentence.

**AFFIRMED.**