Steve Claudy **LAPITRE**, Appellant,

v.

**STATE of Alaska, Appellee.**

No. A–9973.

Court of Appeals of Alaska.

June 18, 2010.

**2.** Quoting *Smith v. Sampson,* 816 P.2d 902, 904 (Alaska 1991).

Rex Lamont Butler, Rex Lamont Butler & Associates, Inc., Anchorage, for the Appellant.

Diane L. Wendlandt, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Daniel S. Sullivan, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Steve Claudy Lapitre appeals his conviction of misconduct involving weapons, contending that there was insufficient evidence that he knowingly possessed a concealable firearm. We conclude that the jury could have reasonably concluded that Lapitre knew that the handgun was in the vehicle he was driving, and that he was trying to conceal it.

Lapitre also argues that the felon-in-possession statute is unconstitutional, although he did not raise any such objection in the trial court. Lapitre cannot show plain error because there are numerous cases upholding the Alaska felon-in-possession statute and similar statutes against the constitutional challenges he now raises.

### Background

Anchorage Police Sergeant Christopher Sims observed a vehicle driving erratically and broadcast an alert. Police Captain William Miller pulled the vehicle over, asked Lapitre for his license and registration, and then handed over the stop to the control of Officer Arthur Anderson. Upon a search of the vehicle, Anderson found a loaded nine-millimeter Glock handgun under some papers on the floor of the front passenger seat.

Lapitre was charged with third-degree weapons misconduct for being a felon in possession of a concealable firearm.[1] At the close of the State's case, Lapitre moved for a judgment of acquittal contending that there was insufficient evidence that he had possessed the handgun. Superior Court Judge John Suddock denied the motion, and Lapitre was convicted. Lapitre now appeals, arguing that the trial court erred in denying his motion for acquittal and that the felon-in-possession statute violates the Alaska and federal constitutions.

---

1. AS 11.61.200(a)(1).

### Sufficiency of the Evidence

Lapitre first argues that there was insufficient evidence that he "possessed" the handgun, as opposed to having only momentary or fleeting possession. When evaluating the sufficiency of the evidence, this court "consider[s] only those facts in the record most favorable to the prosecution and such reasonable inferences as a jury may have drawn from them."[2] We will uphold a verdict when any reasonable juror could have concluded that the defendant was guilty beyond a reasonable doubt.[3]

"Possess" is defined by AS 11.81.900(b)(48) as "having physical possession or the exercise of dominion or control over property." At Lapitre's request, Judge Suddock gave the jury an instruction stating that "momentary possession" of a handgun would be insufficient to satisfy this definition:

> A person possesses an object if he knowingly procured or received the item or was aware of his control thereof for a sufficient period to have been able to terminate his possession. More is required than momentary or fleeting possession of the object; some sort of dominion or control of the object is required. Evidence of any attempt to conceal the object may be considered by you on the issue of whether the defendant exercised dominion and control over it.

This instruction was apparently based on Alaska cases holding that "momentary possession" is insufficient to establish criminal possession of a controlled substance.[4]

We have never decided whether this "momentary possession" doctrine applies to the criminal possession of a firearm.[5] Assuming that the doctrine applies to this case, the record contains sufficient evidence to support Lapitre's conviction.

First, there is evidence to support the inference that Lapitre knew the handgun was in the car. Lapitre's mother, Lucy John–Baptiste, testified that the handgun had been in the car for five to six months. John–Baptiste had found the handgun in her car, and she did not know who it belonged to, so she put it in the glove compartment. She testified that Lapitre used her car on the weekends, up to six or eight times a month, and that the handgun was usually on the floor (where it would be in plain view).

Second, there is evidence that Lapitre exerted control over the handgun and did not merely possess the handgun to dispose of it. Lapitre testified that when he pulled over, he opened the glove compartment to retrieve the vehicle registration and was surprised to see the handgun. The handgun was on top of the registration papers, so he removed the handgun and put it on the floor. He then grabbed the registration, and some other papers from the glove box fell out.

Officer Anderson testified that Lapitre first told him that there were no firearms in the vehicle. He testified that he found the handgun on the right front passenger area of the car under "a number of pieces of paperwork." The officer also testified that Lapitre later told him that the handgun had been in the glove box and that he had placed the handgun under the paperwork so that the officers would not "freak out."

Consequently, the jury could have concluded that Lapitre knew about the handgun for several months. Or the jury could have concluded that Lapitre exerted control over the handgun by trying to hide it and telling the officers that there were no weapons in the car. Thus, there was adequate evidence supporting the jury's decision that Lapitre exercised sufficient control over the handgun to support his conviction.

### The Constitutionality of the Felon–In–Possession Statute

Lapitre was convicted of third-degree misconduct involving a weapon for being a

---

**2.** *Dorman v. State,* 622 P.2d 448, 453 (Alaska 1981) (citations omitted).

**3.** *Sheldon v. State,* 796 P.2d 831, 839 (Alaska App.1990).

**4.** *See Moreau v. State,* 588 P.2d 275, 286 (Alaska 1978); *Jordan v. State,* 819 P.2d 39, 43 (Alaska App.1991); *Adams v. State,* 706 P.2d 1183, 1186 (Alaska App.1985).

**5.** *See Baker v. State,* 781 P.2d 1368, 1369 (Alaska App.1989); *see also Coleman v. State,* Memorandum Opinion and Judgment No. 3723 (Alaska App., Dec. 17, 1997), 1997 WL 775567, *12.

felon in possession of a handgun. He now argues that this statute is unconstitutional under several provisions of the federal and Alaska constitutions because it prohibits all felons from possessing handguns and does not distinguish those likely to reoffend. But Lapitre did not assert these constitutional claims in the trial court, so he must now show plain error. Lapitre cannot show plain error because there are numerous cases holding that the Alaska statute and similar felon-in-possession statutes are constitutional.[6]

Following Lapitre's 2007 conviction, the United States Supreme Court held that the Second Amendment protects an individual's right to bear arms.[7] But the Court specifically limited the application of its holding as applied to convicted felons, noting: "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[8]

Based on this limitation, the federal circuits considering the issue have held that the federal statute prohibiting a felon from possessing a firearm is consistent with the constitutional right to bear arms.[9] These cases suggest that even if the Second Amendment restricts inconsistent state laws, it does not invalidate the Alaska felon-in-possession statute. Three nineteenth-century cases hold that the Second Amendment does not apply to the states,[10] but this question is currently under review by the Supreme Court.[11]

An individual's right to bear arms is also protected by a 1994 amendment to the Alaska Constitution.[12] But in *Wilson v. State*, we held that the felon-in-possession statute is consistent with this individual right to bear arms.[13]

■ Lapitre also argues that the felon-in-possession statute violates the equal protection guarantees of the Alaska and the United States Constitutions. Under the Alaska Constitution, we apply a flexible three-part test that focuses on the nature of the individual right involved, the nature of the government's interest, and the relationship between the government's interest and the operation of the statute.[14]

We have previously held that the felon-in-possession statute passes this test, noting that "the state has a substantial interest in controlling access to concealable firearms by persons previously convicted of a felony," and that "[t]he legislature has considerable discretion in creating classifications denoting which former felons can possess a firearm."[15]

Similarly, several federal courts have sustained the federal felon-in-possession statute against equal protection challenges, generally determining that prohibiting felons from possessing firearms is substantially related to the important governmental objective of public safety and is therefore constitutional.[16]

6. See, e.g., Wilson v. State, 207 P.3d 565, 567–68 (Alaska App.2009).

7. Dist. of Columbia v. Heller, 554 U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).

8. Id., 554 U.S. at ——, 128 S.Ct. at 2816–17.

9. United States v. McCane, 573 F.3d 1037, 1047 (10th Cir.2009); United States v. Anderson, 559 F.3d 348, 352 (5th Cir.2009); United States v. Khami, 362 Fed.Appx. 501 (6th Cir.2010); United States v. Battle, 347 Fed.Appx. 478 (11th Cir.2009); United States v. Smith, 329 Fed.Appx. 109 (9th Cir.2009); United States v. Irish, 285 Fed. Appx. 326 (8th Cir.2008).

10. United States v. Cruikshank, 92 U.S. 542, 553, 23 L.Ed. 588 (1875); Presser v. Illinois, 116 U.S. 252, 265, 6 S.Ct. 580, 584, 29 L.Ed. 615 (1886); Miller v. Texas, 153 U.S. 535, 538, 14 S.Ct. 874, 875, 38 L.Ed. 812 (1894).

11. Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, Ill., 567 F.3d 856, 858–60 (7th Cir.2009) cert. granted, McDonald v. City of Chicago, Ill., —— U.S. ——, 130 S.Ct. 48, 174 L.Ed.2d 632 (2009).

12. See Gibson v. State, 930 P.2d 1300, 1301 (Alaska App.1997).

13. 207 P.3d at 567–68.

14. Williams v. State, 151 P.3d 460, 464 (Alaska App.2006) (citing Alaska Pacific Assur. Co. v. Brown, 687 P.2d 264, 269–70 (Alaska 1984)).

15. McCracken v. State, 743 P.2d 382, 384 (Alaska App.1987).

16. United States v. Jones, 673 F.Supp.2d 1347, 1355 (N.D.Ga.2009); see United States v. Schultz, No. 1:08–CR–75–TS, unpublished, (N.D.Ind., Jan.5, 2009), 2009 WL 35225, *5; United States v. Bledsoe, No. SA–08–CR–13(2)–XR, unpublished, (W.D.Tex., Aug.8, 2008), 2008 WL 3538717, *4; see also United States v. Vongxay, 594 F.3d 1111, 1118 (9th Cir.2010) (concluding

Lapitre also argues that the felon-in-possession statute violates his right to substantive due process. This claim involves a less demanding test than the claims outlined above: if there is any legitimate public policy for the statute, then the opponent must disprove the factual basis for the policy.[17] Several state courts have sustained gun control legislation under similar tests.[18] And one federal court recently rejected a similar challenge to the federal felon-in-possession statute, noting that there is an obvious and substantial nexus between violent crime and the possession of firearms by felons and that this government objective is particularly compelling.[19]

Moreover, it is not at all obvious that Lapitre may challenge the statute as applied to nonviolent felons. Lapitre has a lengthy history of gun violence. At this point, Lapitre cannot reasonably argue that he should be allowed to possess a handgun: he is a violent felony offender who is likely to commit further violent offenses.

In conclusion, Lapitre cannot show that the superior court committed plain error by not recognizing his constitutional claims because, at best, those claims are merely arguable.

### *Conclusion*

There was sufficient evidence to convict Lapitre of more than momentary possession of a handgun, and Lapitre has not shown that the felon-in-possession statute is unconstitutional. We therefore AFFIRM the superior court's judgment.

---

that the felon-in-possession statute was valid under rational basis scrutiny).

**17.** *See Concerned Citizens of South Kenai Peninsula v. Kenai Peninsula Borough*, 527 P.2d 447, 452 (Alaska 1974).

**18.** *See Wilson*, 207 P.3d at 568 n. 31 (citing *State v. Brown*, 571 A.2d 816 (Me.1990); *State v. Cole*, 264 Wis.2d 520, 665 N.W.2d 328 (2003); *People v. Swint*, 225 Mich.App. 353, 572 N.W.2d 666 (1997)).

**19.** *United States v. Miller*, 604 F.Supp.2d 1162, 1171–72 (W.D.Tenn.2009).