[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10447

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALFRED WISHER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:19-cr-00201-RSB-CLR-1

_____

Before Newsom, Anderson, and Edmondson, Circuit Judges.

PER CURIAM:

Alfred Wisher appeals his convictions and his 640-month to-tal sentence.[*] Wisher contends that the district court erred by ad-mitting into evidence Wisher's prior armed-robbery convictions, by refusing to issue a justification-defense jury instruction, and by denying Wisher's motion for a new trial. In its response brief, the government acknowledges -- based on the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022) -- that Wisher's conviction under 18 U.S.C. § 924(c), for using, carrying, and brandishing a firearm during and in relation to attempted Hobbs Act robbery ("Count 7") is unlawful. Reversible error has been shown; we vacate Wisher's conviction and sentence on

---

[*] Wisher was convicted of these offenses: (1) three counts of possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 1, 8, 11); (2) possession of a stolen firearm, 18 U.S.C. §§ 922(j) and 924(a)(2) (Count 2); (3) theft of a firearm, 18 U.S.C. § 924(l) (Count 3); (4) carjacking, 18 U.S.C. § 2119(1) (Count 4); (5) two counts of using, carrying, and brandishing a fire-arm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 5, 7); (6) attempted Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 6); (7) conspiracy to use and to carry a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(o) (Count 9); and (8) conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 10). The district court imposed an above-guidelines sentence of 640 months' imprisonment: a sentence that in-cluded an 84-month consecutive sentence for the section 924(c) offense charged in Count 7.

Count 7 and remand for resentencing on the remaining counts of conviction.

## I.

We first address Wisher's argument that the district court erred in admitting -- in violation of Fed. R. Evid. 404(b) -- his prior New York convictions for armed robbery. We review for abuse of discretion the district court's admission of evidence under Rule 404(b). *See United States v. Ellisor*, 522 F.3d 1255, 1267 (11th Cir. 2008).

Under Rule 404(b), evidence of other crimes is inadmissible to show proof of bad character. *See* Fed. R. Evid. 404(b)(1). But such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See* Fed. R. Evid. 404(b)(2). For other-crimes evidence to be admissible under Rule 404(b), "(1) the evidence must be relevant to an issue other than defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; [and] (3) the government must offer sufficient proof so that the jury could find that defendant committed the act." *See United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). We have described Rule 404(b) as a rule "of inclusion which allows extrinsic evidence unless it tends to prove only criminal propensity." *See Ellisor*, 522 F.3d at 1267 (quotations and brackets omitted).

The district court abused no discretion by admitting into evidence Wisher's prior New York armed-robbery convictions. The

prior robbery convictions were properly relevant to establishing Wisher's intent to commit the charged Hobbs-Act-robbery and carjacking offenses: not to show Wisher's bad character. We reject Wisher's assertion that his intent was not at issue at trial. A defendant -- like Wisher -- "who enters a not guilty plea makes intent a material issue . . .." *See United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007).

Given the similarity between the charged offenses and Wisher's prior armed-robbery convictions -- each of which involved the intent to knowingly take someone else's property by means of actual or threatened force or violence -- evidence of Wisher's prior convictions was probative to showing that Wisher had the requisite intent to commit the Hobbs-Act-robbery and carjacking offenses charged in this case. *See United States v. Dickerson*, 248 F.3d 1036, 1047 (11th Cir. 2001) (explaining that prior criminal convictions are relevant to show a defendant's intent when "the extrinsic offense requires the same intent as the charged offense"); N.Y. Penal Law § 160.15(3) (McKinney 2022) (providing that a person is guilty of first-degree robbery when he forcibly steals property and "[u]ses or threatens the immediate use of a dangerous instrument"); 18 U.S.C. § 1951(b) (defining "robbery" under the Hobbs Act as "the unlawful taking . . . of personal property . . . by means of actual or threatened force, or violence, or fear of injury, immediate or future. . . ."); 18 U.S.C. § 2119(1) (providing that a person is guilty of carjacking when he -- "with the intent to cause

death or serious bodily harm" -- takes a motor vehicle "by force and violence or by intimidation, or attempts to do so").

We cannot conclude that the evidence's probative value was outweighed substantially by the risk of undue prejudice. The district court twice issued a limiting instruction to the jury: instructions that minimized the risk of unfair prejudice caused by admitting the challenged evidence. *See United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011) ("A limiting instruction can diminish any unfair prejudice caused by the evidence's admission."). We presume that jurors follow the court's instructions. *See United States v. Brown*, 983 F.2d 201, 202 (11th Cir. 1993).

## II.

Wisher next challenges the district court's refusal to instruct the jury on a justification defense. "We review a district court's refusal to give a requested jury instruction for abuse of discretion." *United States v. Martinelli*, 454 F.3d 1300, 1309 (11th Cir. 2006). We review *de novo* the district court's determination that a defendant has failed to set forth a sufficient proffer to warrant a justification defense. *See United States v. Dicks*, 338 F.3d 1256, 1257 (11th Cir. 2003). The defendant bears the burden of proving by a preponderance of the evidence the elements of a justification affirmative defense. *Id.*

To establish a justification defense, a defendant must show these elements: (1) that he faced an "unlawful and present, imminent, and impending threat of death or serious bodily injury;" (2)

that he "did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct;" (3) that he "had no reasonable legal alternative to violating the law;" and (4) "a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000) (in the context of 18 U.S.C. § 922(g)); *see Dixon v. United States*, 548 U.S. 1, 4 n.2 (2006).

The district court abused no discretion in declining to instruct the jury on the justification defense. Wisher presented no evidence that shows -- by a preponderance of the evidence -- that he satisfied the requisite elements of the affirmative defense. Of import, nothing evidences that Wisher faced a "present, imminent, and impending threat of death or serious bodily injury."

On appeal, Wisher argues that a justification-defense instruction was warranted based on evidence that -- while Wisher and his co-conspirator (Chisholm) discussed committing a robbery -- Chisholm pulled out a gun and placed it in his (Chisholm's) lap. Wisher says that Chisholm's conduct could be perceived as threatening. But Wisher testified expressly that he was not afraid of Chisholm, that he did not know what Chisholm meant by placing the gun in his lap, and that he was unsure what would have happened if Wisher did not go through with the robbery.

In any event -- even if Wisher might have been afraid of Chisholm at the time of the robbery -- Wisher's testimony comes nowhere close to demonstrating the kind of "immediate emergency" that might warrant a justification-defense instruction. *See*

*United States v. Bell*, 214 F.3d 1299, 1300 (11th Cir. 2000).  Wisher has produced no evidence tending to show that he faced an imminent threat of serious harm.

Wisher has also failed to present evidence sufficient to establish the remaining three elements.  Because Wisher armed Chisholm with the gun and drove himself and Chisholm to the store in search of a robbery victim, Wisher cannot show that he did not act negligently or recklessly to put himself in the position where he was supposedly forced to commit a robbery.  Nor does the evidence support a finding that Wisher lacked a reasonable, legal alternative other than to rob a victim at gunpoint.  Wisher has also shown no direct causal relationship between Wisher's criminal conduct and his supposed fear of Chisholm.

## III.

Wisher next challenges the district court's denial of his motion for a new trial.  In arguing that he was entitled to a new trial, Wisher repeats his assertions that the district court erred in admitting Wisher's prior armed-robbery convictions and in denying Wisher's request for a justification-defense jury instruction.

We review a district court's ruling on a motion for a new trial under an abuse-of-discretion standard.  *See United States v. Green*, 981 F.3d 945, 960 (11th Cir. 2020).  A new trial may be warranted only when the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the

verdict stand." *See United States v. Gallardo*, 977 F.3d 1126, 1139-40 (11th Cir. 2020).

The district court acted within its discretion by denying Wisher's motion for a new trial. For the reasons already discussed, Wisher's prior-conviction and justification-defense arguments are without merit and offered no basis for the granting of a new trial. Moreover, the government presented overwhelming evidence of Wisher's guilt: no miscarriage of justice would result from letting the verdict stand.

## IV.

We next address Wisher's section 924(c) conviction under Count 7. Count 7 charged Wisher with using a firearm in connection with a "crime of violence," which was identified as Wisher's attempted Hobbs Act robbery.

While Wisher's appeal was pending, the Supreme Court concluded that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A). *See United States v. Taylor*, 142 S. Ct. 2015, 2002-21 (2022).

In the light of the Supreme Court's decision in *Taylor*, we vacate Wisher's conviction and 84-month sentence on Count 7. We remand to the district court for resentencing on the remaining counts of conviction. *See United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (explaining that, when a conviction is set aside, we presume that "sentences on each count of a multi-count

22-10447                Opinion of the Court                    9

indictment are part of a package that may . . . be revisited to ensure that the overall sentence on the surviving counts is constituent with the district court's intentions, the guidelines, and the § 3553(a) factors").

VACATED AND REMANDED.